The next case is number 147028, Turk against the Secretary of Veterans Affairs, Mr. Kinman. Thank you, Your Honor. May it please the Court, my name is Maxwell Kinman and I represent the veteran in this case, Raymond Turk. Your Honor, the question in this case is whether or not the VA must comply with remand orders. And that question has been answered in the past. In the early 1990s, what was happening was the VA was refusing to comply with remand orders from the board. When the Court of Appeals for Veterans Claims was created in the early 90s, they were sending orders back down to the VA and there was a period of time where the VA would simply not comply. In a landmark case, Seagull v. West, I believe, in 1998, the Veterans Court determined that the VA and its administrative offices must comply with remand orders. Now, after a period of time from that, the judicial laws and the case law determined that, well, it wasn't absolute compliance that was necessary. Instead, it was just substantial compliance. So the question we have before us today and the question that this case presents is how far does substantial compliance go? The question also is whether substantial compliance is a fact question that's beyond our jurisdiction. It is, Your Honor. And what I think this case will show and what I'm asking this court to do is to determine how much room the doctrine of substantial compliance can be given before it runs into constitutional violations such as due process considerations. For example, not speaking of the facts in this case, but if the Court of Appeals for Veterans Claims remanded a decision for a leg examination and instead the veteran was provided with an arm examination and no notice or no documentation of the leg, would that be substantial compliance? If the Veterans Court then determined that is substantial compliance, my argument is, well, frankly, that runs into due process considerations. And what I'm asking this court to do respectfully is to make a determination as to what the actual definition of substantial compliance is. Because right now, the court and its decision here in Turk's case determined that, well, we can send the case back down and we can have the VA be ordered to provide the veteran with an examination and an opinion. And what happened with Mr. Turk was there was no adequate examination provided. He was provided an examination, but the very own same VA determined that that examination was inadequate and it was improper. So then instead of providing him with an adequate examination, they only provided him with a medical opinion. And the Veterans Court determined that, well, even though there was no examination, that's still all right because he was provided with a medical opinion. And that expansion of what satisfies substantial compliance when it is that broad and that all-encompassing turns into a due process violation. Because as we're all aware, these veterans, they have rights. It is a due process. It is a constitutional right to the veteran's interest. And when the veteran is left in a position where they have a court order saying that the VA must do X, Y, or Z, and then the VA doesn't comply, that's a violation. The Secretary does cite numerous cases where this court has had both reported and unreported where this court does not want to get into determining what is substantial compliance. And this court has determined, well, that's a factual determination that's better left up to the Veterans Court. My argument here with this case is this is so beyond the pale, it's such an expansion of substantial compliance that it then runs into the due process considerations that I've outlined below. In other words, it's a very important fact question, but still a fact question. Well, Your Honor, I don't believe it's truly a fact question. I believe it's a, is the court complying with its own standards and rules? And like my hypothetical, if cases, if veterans' cases are going to go forward where the courts and the lower court and the VA does not simply have to comply at all with remand decisions, then what veterans are going to be left with are simply decisions that are on a pill and that this court won't review because they're under the umbrella of substantial compliance. And furthermore, there has been no set definition of what actual substantial compliance is. The Veterans Court refuses to make a hard definition of that because they don't want to be constrained, because they want to have decisions such as in Mr. Turk's case where they can say, well, the VA didn't comply, but they substantially complied. I would respectfully ask that this court, as an overarching court, make that definition for the Veterans Court. I don't recall your presenting a proposed definition of substantial compliance. Yes, Your Honor. I did not submit a proposed one in the brief. Why are you so confident that it's doable in the first place if you weren't able to do it? Well, Your Honor, I guess the simple response to that might be that this court is much wiser than I am. And courts of higher ability have that ability to make those definitions. And, you know, if I was going to propose one today, I would go back to where it was under Segal, where the VA has to comply, period. And it is almost a you know it when you see it. Either the VA complied generally and not discussing fact patterns or the VA did not comply. If the VA orders in a remand that a medical examination must be given to a veteran and that medical examination must be adequate, then that's going to be a fact issue is whether or not that examination is adequate. But if the VA orders that the veteran be provided with a medical examination and no examination is provided, period, there's no way that that can be substantial compliance. There's no way that that can be compliance at all, whether it's substantial or not. And that's what I believe we have here is that the VA ordered an examination, an opinion. An examination was given, but the VA determined that examination was incorrect and it was wrong. And what was left then was just an opinion. So, if there's a remand order and it's not complied with at all, I don't see how that can be substantial compliance. It would be the same if the court ordered the VA to retrieve Social Security records. And instead of retrieving Social Security records, the VA decided, well, let's just retrieve records from the veteran's state, the State Unemployment Office. And then the court determined, well, that's substantially complied because they had some sort of records. And frankly, that's just not one and the same. And so, I would propose a hard and fast rule as to what is substantial compliance is that it's compliance within the meaning of what the court had previously ordered. And I understand there's no easy way to do that in these factual type situations with was the examination adequate or was the veteran provided this notice at this point in time. But when you go back and look at the Turk's case, it was not complied with at all, Your Honors. And I think that's the issue and the problem we run into here. Okay. Thank you. Thank you. We will go from the other side and save you a better time. Mr. Grimaldi. Yes, Your Honor. Thank you. May it please the court. Substantial compliance, is it a fact question? Yes. Is it a very important fact question? Absolutely. But still, nonetheless, it is a factual determination. You're saying there should be no standard for substantial compliance? Well, there certainly is a need for an understanding of what substantial compliance is, but that would be the jurisdiction of the Veterans Court. They're the ones who look at the factual questions in these cases, and they are the ones who determine whether or not factually the VA complied with the command order. What's your answer to your friend's comment that it's easy when there's no compliance? If there's no compliance, how can it be substantial? Sure. When there's absolutely no compliance whatsoever, Your Honor, I believe the Veterans Court would find there to be no substantial compliance because there's no compliance whatsoever. Interesting enough, Mr. Turk, in his brief, actually points to what the VA considers to be the standard for substantial compliance. I quote from page nine, a remand order will be deemed substantially complied with when the VA's actions resolve the issues that require a remand order. Here, first off, we believe there's no jurisdiction for this court to entertain this case because it is a factual question. But even if we put that jurisdictional question aside and look at this case, it's not a situation where someone has a head injury and there's a remand on a head injury and we're examining a leg. The question is, did they resolve the issue for Mr. Turk? The issue was, was it at least as likely that his COPD was caused by DDT exposure? And the answer to that was no. There was an exam, there was a review of medical records, and there was a determination that DDT did not... Well, there wasn't an exam on the remand. Yes, there was an exam on remand, Your Honor. Physical examination? That's correct, Your Honor. Perhaps I should just go through exactly what happened here to make sure that we understand the timing and chronology of here. There was a remand order which said that you needed to go back. And let me see if I... Remand order is at JA78. And the remand order required that the VA go back, provide an exam, a review of his medical history, and a determination of whether COD was at least as likely to have caused... Excuse me, the DDT have caused COPD or the way around. There was a medical opinion following an exam. The medical opinion, however, concluded... I'm not understanding this. Maybe I'm misapprehending the facts. I thought there was no question that he didn't have a physical exam after the remand, but instead that there was a medical opinion. Oh, no, Your Honor. There's no question that he didn't have a second physical examination. Not a first. The remand occurred. There was an exam. But the remand said do an examination. Yes. And his contention is there was no examination. Well, it's at JA82, Your Honor. That's the documentation of the examination. Right. It wasn't an exam. No, there was, Your Honor. And this is the documentation in 82. I think you're being very confusing. The question is whether the remand order that we're dealing with here, which said he should have an examination, was complied with. Yes, Your Honor. He did not have a physical examination after that remand order. Well, I can provide the dates for you, Your Honor, so you can understand. That's correct. Is it not? No, Your Honor. It's not correct. Please allow me to go through the record. I can tell Your Honor... But I don't understand what you're saying. I mean, there was a remand order. What is the page on which the remand order appears? JA78. 78. Correct. And it says that he should have an examination, right? Correct. And he did not have after that a physical examination, right? It's just an examination of... No, Your Honor. That's not correct. It's the next document in the Joint Appendix. So this document, the VA remand, occurred on December 20, 2010. The next document is, starts on JA80, date of examination, January 12, 2011. However... That's the second examination? That is the first and only examination, physical examination. No, no, no. The question is not whether he had an exam at some time. He did. The question is whether after the remand order in question here, there was a physical examination. And there was not, right? Your Honor, this December 20, 2010 was the remand, January 12, 2011 was the examination. That's afterwards. In other words, he never had an earlier one? No, he didn't have a later one than that. What happens after this exam is that he's physically examined by the doctor. The doctor, however, concludes that COPD was not caused by DDT because the doctor didn't find credible that Mr. Turk was exposed to DDT. This goes on to the VA. The VA looks at it. And the Appeals Management Center, which is the VA portion that's in charge of remands, looks at this and they find the opinion to be inadequate. And this is on the end of the joint appendix, JA118. And on 119, the VA looks at this report from the physical examination and says, this is inadequate. The report of the examination is inadequate for rating purposes. And the reason why was that... Okay. So the remand order we're talking about is on 119. I think you're not being entirely candid with this. That is the remand order that we're construing and that raises the question. And after this remand order that's on 119, there was no physical examination. It says schedule a veteran for a VA pulmonary examination. And after that order, there was no examination, right? Well, Your Honor, I apologize. Is that correct? Yeah. There was not a second exam in that, Your Honor, but that's not what I understood. I think you're presenting this in a way that is very confusing and not helpful. Well, Your Honor, that's how we... The question is whether this order on 119 was complied with. There was no physical examination. Oh, I'm sorry, Your Honor. I read it wrong. Excuse me. There was no physical examination after this order. And you say that even though there wasn't, the medical opinion was substantial compliance. For you to present to us as though there was a physical examination after the remand order in question is not accurate. Your Honor, actually on 119, that is not a new remand order. It says, quote, original remand instructions. That is a reference and a direct quote from JA78, the December 20, 2010 board remand. This is the AMC. It is not the board who's saying this. It's not a remand here, Your Honor. What happens with that remand is that the VA does not find that the report that stems from that remand is adequate. So they send it back again. Not a remand order, the AMC saying, you need to do this again. And what the AMC actually says here is, to quote them, therefore, we need a supplemental opinion with rationale as to whether it is at least as likely as not that the veteran's COPD is related to spraying of infesticides during service. That did occur. And that is on JA93. And this is the second opinion that comes out. So what you're saying is the difference between you is whether what's on 119 was a remand order or not. Well, I think that what the parties were arguing the whole time, Your Honor, is that there was one remand order. But because the ultimate opinion that came out was not drafted by the individual that performed the examination, we would say that's substantial compliance. That's what the Veterans Court determined. Mr. Turk believes that's not substantial compliance, that it falls beneath that standard. So that's what the crux of the argument between the parties is, could this second opinion be drafted by someone who didn't actually perform the physical examination? So to circle back to what we were discussing before, Your Honor, even if we were to look at the merits here, which we do not believe this court has jurisdiction to do, the question of was there substantial compliance, did it resolve the question that the remand was it was at least as likely that COPD was caused by DDT? And on JA93, we have the decision that makes that determination. And the key point of this here, Your Honor, it says, to quote it, smoking being the number one cause of COPD, that Mr. Turk was a smoker. Veterans Court then considered Mr. Turk's information that he subsequently filed after his supplemental statement of the case, which said that he did not smoke past 1955. They found that to be not credible because of all the medical records that showed that he was a smoker for a much longer period of time, and then determined that substantial compliance was actually met. So we do not have a situation where there was no compliance whatsoever. We do have a situation here where the issue for the remand was resolved. So even if this court were to touch upon the facts here, there's no issue. There's substantial compliance. I do want to point out that counsel's point that stated that the VA determined the exam was inadequate. We want to be careful about the words. We were just looking at JA119. The VA determined that the report of the examination was inadequate, not that the physical exam was inadequate. So just to really try and focus on what you're telling us. So you're saying that when, after it was remanded, and a different physician writes a report and says, well, I didn't do the prior exam, but I've read what that prior physician concluded, and I don't see anything wrong with it, that that's substantial compliance. That is what the Veterans Court found. And if this court were to look at facts and make a factual determination, I believe that would be substantial compliance. But again, it is a very important factual question, but it's still, nonetheless, a factual question that should not be before this court. Well, it's a factual question unless it's so deficient that it actually does raise, as your opponent argues, a due process. If it was so far... back for a medical exam, they say, well, that fellow retired. That ends it. Retired, but there it is. There's his report. Oh, I'm sorry, a different factual scenario where there was no second? Oh, this factual scenario. That's all that we have. Why is this not a due process issue under Guillory? Because the complaint here is actually about the adjudication development of the claim. Mr. Turk certainly had a process and the heard. He received a supplemental statement of the case explaining the second examiner's decision. He then responded to that. That information went to the board. That's not what we're arguing about. We're arguing about what happened when remand was ordered. Correct. Well, what I'm saying is, your honor, that Mr. Turk, following this occurrence of having a second individual take a look at his records and produce a new document, he had the opportunity to be heard before the board and the Veterans Court. It doesn't say that. It says that this person says, I looked at his records because the person who did the exam is retired. Where does it say he was heard? Mr. Turk was subsequently heard after that point. He sent a letter on February 12th, I believe it was. February 2nd, 2012. That's JA104 to the board. Excuse me, to the VA. This document was considered by the board in its decision. In this document, Mr. Turk takes issue with the conclusions of the second examiner. The board considered this. The board found credible some of the information in here, but found incredible the information regarding Mr. Turk's smoking. You're saying that this letter on page 104 is his opportunity to be heard in connection with remanded examination? It's part of it, your honor, yes. He had the opportunity to respond to a supplemental statement of the case. Then he had the opportunity... I'm not sure on the document you actually referenced... Oh, here we go. I hope this clears up some of the subjects I have a problem with within the statement of claim. Miss, how does this relate to the examination that was ordered on remand? Because the examination occurred. There was an initial decision... Sorry, you keep saying there was an examination after remand. I think you should be a little bit more precise in your comments. You've agreed that there was no examination after the remand. No, your honor. I've not agreed to that. You haven't shown us any record of examination? I believe I just showed your honors that on December 20th, 2010, there was the remand. Then on January... Let me get the exact date for you, your honor. January 12th, 2011, which is the following month, there was an exam. The remand was on December 2010. The exam was in 2011. So it was a month... I think the confusion here is there was an original remand in December of 2010, which ordered an examination, and there was an examination. The question is whether the which required an additional examination and whether that, if it was a remand order, was complied with. Right. And I would say, your honor, that this is not a remand order. This is the Appeals Management Center. What the Appeals Management Center does... But that's the difference between you is whether 119 is a second remand order or not. Because if it is a second remand order, there was no examination after the second remand order. Even if this is a remand order, which I think it's clearly not. It's from the AMC. They don't remand. They manage appeals on remands. That's what they do for the VA. Once something's already been remanded, they manage it. If we look at the language that was your concern, your honor, it says original remand instructions. And this is a quote from the board from their December 20th, 2010, remand decision. So this is a quote. It's not new instructions. Instructions occur in a paragraph before that. And this is the paragraph that starts with, in his opinion, the sentence we have is, therefore, we need a supplemental opinion with rationale as to whether it is at least as likely as not that the veteran COPD is related to spraying of is remand instructions. All it is doing is asking for another opinion. And there's no dispute between the parties that that occurred. And also, your honor, I don't think that's what the parties have been arguing. I think this has just come up an argument about whether 119 is a new remand order. Mr. Turk did not make that argument in his brief. I believe I'm over my time. So unless the court has any further questions. Any more questions? Thank you very much. Thank you, Mr. Grimaldi. Mr. Kinman. Are you contending that 119 is a remand order? No, your honor. And I think counsel to the secretary had the timeline correct there. The argument we're making is that there was a remand in 2010. And that remand ordered an examination and an opinion. Mr. Turk was provided with an opinion. That examination was inadequate because that doctor said, well, Mr. Turk, you weren't exposed to DDT. So therefore, you cannot be service connected. The appeals management center then after that exam determined, whoa, whoa, whoa, doctor, you made a mistake. That examination was inadequate. And that was the proper decision there. But then after that, the appeals management center on their own decided that Mr. Turk does not get an examination. Instead, he only gets an opinion. It would be the same as if the VA... I don't understand why she's already had the examination. He had the examination, but the Veterans Administration, the appeals management center determined that examination was inadequate because that examiner when he examined Mr. Turk had the wrong factual background in his mind. So where's the remand order that says there should be a new examination? There's no remand order, Your Honor, saying that there should be a new examination. My argument is related to the original remand that orders Mr. Turk to provide it with an examination and an opinion. And Mr. Turk is never provided with an adequate examination. He's only given a medical opinion. And I don't think there's any dispute between the parties. He had an examination. You're saying the question is whether there was an adequate examination. And because it wasn't an adequate examination, there wasn't compliance with December 2010 remand order. Exactly. If the VA ordered an examination and I performed the examination, and then the VA determined, well, you're not even a doctor, so that's not an adequate examination. And then the VA just provided an opinion, I would still argue that the remand order has not been complied with. Really, these stories keep changing. You're saying it was not an adequate examination because that doctor didn't know or recognize or appreciate the exposure to DDT? That's correct, Your Honor. And the VA itself has agreed that there was no examination, but there was a mistake, you're saying, a mistake in premise. Right. But the examiner, when he examined the veteran and when he wrote his initial opinion, he was completely off base, had no factual basis for examining Mr. Turk. He did not understand that he had been exposed to DDT. And then what that left Mr. Turk with was just an opinion by a doctor who didn't even examine him. And the crux of argument in Mr. Turk's specific argument is that I never got a fair examination. I never got to tell my story to a doctor. So the second doctor looked at it. Just looked at his file. And knew, looked at the report, didn't perform another examination. That's correct. With the information of the exposure to DDT. That's correct, Your Honor. Is there any issue that that doctor knew about the exposure to DDT? Well, the second doctor assumed, properly assumed that there was exposure to DDT and then crafted the opinion. Mr. Turk's argument is that he was never provided a proper examination per the orders of the remand. And it's important because medical opinions are just that. It's just looking at black and white on the paper. But when you actually examine one of these veterans and get to hear what they actually experienced, how long they experienced, what other exposures they had in your life, that can alter your medical opinion. And Mr. Turk himself in that February 2012 document, after the opinion was provided, said, wait a minute, I didn't get a chance to tell the doctor what happened. I only smoked for 10 years. I didn't have exposure to farm chemicals, which is what the new opinion relied on. I didn't have exposure to woodworking fumes. I worked in a controlled environment. And these are things I would have told the examiner. And if I would have, if the examiner would have heard this from me, then the examiner could have crafted opinion based upon my statements and based upon my DDT exposure and based upon scientific evidence. Instead, the examiner, or excuse me, instead the doctor only relied upon what was in the VA's record. And he did not get, the veteran was never given a chance to have his exam. He was given his exam initially, but everybody agrees that that examination was inadequate. That it was blatantly inadequate because the doctor didn't even believe Mr. Turk that he had been exposed to DDT. So Mr. Turk was never given an examination by a doctor that was proper. And that was what the VA, what the board had ordered on its remand. It had ordered that Mr. Turk should be provided with an examination and an opinion. And he was only provided with the opinion. Everyone agrees that the examination was beyond the pale, wasn't, was not, was not correct in the least. Okay. Any more questions? No questions? Thank you. Okay. Thank you, Mr. Kingman. Mr. Grimaldi, the case was taken into submission.